## FREEMAN v. UNITED STATES.
### No. 3462.

District Court, W. D. Pennsylvania.
March 31, 1933.

H. F. Stambaugh and Watson & Freeman, all of Pittsburgh, Pa., for plaintiff.

Louis E. Graham, U. S. Atty., and John A. McCann, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Frank J. Ready, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for the United States.

McVICAR, District Judge.

In 1916 plaintiff was appointed executor of three estates. He performed services during that year for said estates of the fair value of $60,344.80. There were sufficient funds in each of said estates during that year to pay for services of plaintiff chargeable to that year. Plaintiff did not present a bill to said estates during 1916 for his services of that year. The estates did not set aside, credit, or pay during 1916 anything to plaintiff on account of services earned by him in 1916. In 1917 first and partial accounts were filed in court in two of said estates by plaintiff. Before doing so plaintiff fixed and caused to be paid to him for services rendered in the year 1916 and 1917, in said two estates and also in the third estate, $72,316.-45. Plaintiff kept his accounts on the basis of actual receipts and disbursements. He returned the aforesaid sum of $72,316.45 as income for 1917. He subsequently filed a claim of refund with the Commissioner of Inter-

nal Revenue for $15,227.94 on the ground that the value of the services rendered by him in 1916 to said estates was income for that year, and that by reason of the difference between the 1916 and 1917 rates he was entitled to a return of said sum. Plaintiff's claim was refused by the Commissioner. This action is brought to recover said claim against the United States, the Collector of Internal Revenue to whom the tax was paid being out of office.

The question for decision is whether the sum of $60,344.80 for services rendered by plaintiff during 1916 was taxable to plaintiff as income for that year.

The applicable Revenue Acts of 1916 and 1917 (39 Stat. 756; 40 Stat. 300) required plaintiff (as he did) to make his income tax returns on the basis of actual receipts and disbursements as this was his method of keeping accounts. The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, by Regulation 33, defined and illustrated what were actual receipts under said act (which regulation is recognized as valid by both parties), the relevant part being as follows:

"Actual receipt is a reduction to possession. Constructive receipt is where income is credited to or made available to recipients and is to be reported as income; as credit to account of recipients of savings-bank interests, etc."

"In the case of compensation for service rendered, where no determination of compensation is had until the completion of the service, the amount received in consideration of the service is income to be accounted for as for the calendar year of its receipt."

"Where the service and payment period is divided by the end of the taxable year, the compensation for the period so divided at the end of the year will be accounted for as income for the year in which payment is actually received."

The regulation as to constructive receipts was no doubt made to prevent fraud by taxpayers who might fail to reduce to possession interest credited to accounts in bank, to collect interest coupons on bonds, or to collect other moneys credited to, or set apart for them so as to lessen the amount of their taxes.

Under Pennsylvania law executors may be compensated for services as rendered. It is customary in most estates, if a partial account is filed, for the executor to fix and pay for his service (as was done in two of

the estates under consideration) at or about the time of the preparation and filing of such partial accounts, and where final accounts only are filed (unless unduly protracted), to fix and pay for such services at or about the time of the preparation and filing of such final accounts. Plaintiff, therefore, had it in his power to pay for the 1916 services in 1916, or wait, as he did, in two of the estates until preparation of the partial accounts in 1917, or he might have waited until the preparation of final accounts.

If the 1916 rate had been more favorable to the government than the 1917 rate, it could not, in my opinion, have charged plaintiff the 1916 rate for the 1916 services. Plaintiff had the right and followed the custom. in having his 1916 services paid in 1917. The income for the services rendered by plaintiff in 1916 was not "credited to or made available to" plaintiff in 1916. He did not present bills for his 1916 services in 1916, or was there any money credited to him in said estates for such services rendered in 1916.

Constructive payments are not to be inferred in all cases where money is credited to another which he is at liberty to draw upon at any time. In Massachusetts Life Insurance Co. v. United States, 53 S. Ct. 337, 77 L. Ed. ——, it was held that an insurance company was not entitled to deduct from gross income interest unconditionally credited to policyholders in 1926 which had not been actually withdrawn during that year. The Supreme Court, in an opinion handed down February 6, 1933, by Mr. Justice Roberts, said, page 339 of 53 S. Ct.: "We are referred to a regulation which provides: 'Income which is credited to the account of or set apart for a taxpayer, and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession.' It is argued that the regulation requires the policyholder to report interest credited to him as received in the year of credit. The conclusion drawn is that, if the credit is income to the insured, it must constitute a 'constructive payment' by the company. In this view, the transaction is said to come within the term 'paid,' and we may disregard the word 'accrued.' This regulation has, however, not been applied in any case where income has been credited to another by a taxpayer employing the cash receipts and disbursements method of accounting; and specifically it has not been invoked to require policyholders to report as income the dividends or interest credited to them in

cases such as this. No tax is demanded of them until actual receipt of the money. The constructive payment theory is, we think, untenable."

Regulation 33 aforesaid, which provides that such income shall be accounted for in the year received "where no determination of compensation is had until the completion of the service" would, in principle, require, where no compensation is fixed until after a part of the services is performed, that such compensation should be accounted for in the year received.

■ I have examined the cases cited by plaintiff and defendant in their briefs, not any of which are determinative of the issue here involved. I am of the opinion that plaintiff did not constructively receive in 1916 compensation for services rendered by him that year which were paid in 1917. I am also of opinion that the income for such service was not taxable in 1916.

Let an order for judgment be prepared in accordance with the foregoing findings of fact, conclusion of law, and this opinion.