## FREEMAN v. UNITED STATES.
### No. 5239.

Circuit Court of Appeals, Third Circuit.

June 7, 1934.

Rehearing Denied July 31, 1934.

H. F. Stambaugh, Ralph H. Demmler, and Watson & Freeman, all of Pittsburgh, Pa., for appellant.

Horatio S. Dumbauld, U. S. Atty., and John A. McCann, Sp. Asst. to U. S. Atty., both of Pittsburgh, Pa. (E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and Frank J. Ready, Jr., Sp. Asst. to Atty. Gen., of counsel), for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM.

In this tax case it appears John M. Freeman, the taxpayer, sued the collector to recover taxes alleged to have been illegally collected from him for the tax year of 1917. By stipulation filed, jury was waived, and the trial judge entered judgment in defendant's favor. Whereupon the taxpayer took this appeal.

The pertinent facts, about which there was no dispute, and the question involved, are comprehensively stated in the opinion of the trial judge (3 F. Supp. 301) as follows:

"In 1916 plaintiff was appointed executor of three estates. He performed services during that year for said estates of the fair value of $60,344.80. There were sufficient funds in each of said estates during that year to pay for services of plaintiff chargeable to that year. Plaintiff did not present a bill to said estates during 1916 for his services of that year. The estates did not set aside, credit, or pay during 1916 anything to plaintiff on account of services earned by him in 1916. In 1917 first and partial accounts were filed in court in two of said estates by plaintiff. Before doing so plaintiff fixed and caused to be paid to him for services rendered in the year 1916 and 1917, in said two estates and also in the third estate, $72,316.45. Plaintiff kept his accounts on the basis of actual receipts and disbursements. He returned the aforesaid sum of $72,316.45 as income for 1917. He subsequently filed a claim of refund with the Commissioner of Internal Revenue for $15,227.94 on the ground that the value of the services rendered by him in 1916 to said estates was income for that year, and that by

reason of the difference between the 1916 and 1917 rates he was entitled to a return of said sum. \* \* \* This action is brought to recover said claim against the United States, the Collector of Internal Revenue to whom the tax was paid being out of office."

Commenting on these facts, the trial judge rightly said that the taxpayer "had it in his power to pay for the 1916 services in 1916, or wait, as he did, in two of the estates until preparation of the partial accounts in 1917, or he might have waited until the preparation of final accounts. \* \* \* Plaintiff had the right, and followed. the custom in having his 1916 services paid in 1917. The income for the services rendered by plaintiff in 1916 was not 'credited to or made available to' plaintiff in 1916. He did not present bills for his 1916 services in 1916, or was there any money credited to him in said estates for such services rendered in 1916." It is clear, therefore, that the taxpayer during the year 1916 received no income for services rendered in 1916. He could not, therefore, be taxed in that year for income received during that year, for he received no income. The income for his entire service having been received in 1917, he properly included such income in his 1917 return, and could not thereafter allocate the payment made in 1917 to his income for 1916. See Jackson v. Smietanka (C. C. A.) 272 F. 970.

Finding no error, the judgment below is affirmed.