**ESCHER v. COMMISSIONER OF INTERNAL REVENUE.**

No. 5682.

Circuit Court of Appeals, Third Circuit.

June 25, 1935.

Arthur Mattson, of New York City, for petitioner.

Thomas A. Carpenter, Sp. Asst. to Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The facts in this case, which are undisputed, are as follows: For some three years prior to May 12, 1921, the taxpayer was the attorney for the International Food Products Company, a Swiss corporation. Before the outbreak of hostilities between this country and Germany, that company owned some 6,250 shares of the stock of Heinrich Franck Sons, Inc., a New York corporation. The stock was seized by the Alien Property Custodian on the alleged ground that it was the property of Carl, Robert, Richard, and Walter Franck, and it was sold by the Alien Property Custodian for approximately $500,000. About May 27, 1921, the International Company filed a claim for these funds, which was denied. It thereupon brought suit therefor and it was eventually adjudged that the International Company, and not the alleged German owners, owned the stock. At that time the taxpayer decided that the services he had rendered in connection with the recovery of the funds had a value of $25,000, of which amount he had actually received $1,000 from the International Company. On that date he entered into a written contract with the company by which he agreed to accept, in lieu of his said claim to payment for past services rendered and as compensation for services to be rendered, 10 per cent. of the amount received from the sale

of the stock. The claim against the Alien Property Custodian resulted in a judgment in 1929, and from the proceeds thereof the taxpayer was paid the sum of $74,355.39. The books of the taxpayer were kept on a cash receipts and disbursements basis. The Commissioner determined he was taxable on the entire amount received by him in 1929 as ordinary net income and found a deficiency for that year in the amount of $7,168.30, which finding was upheld by the Board of Tax Appeals, and thereupon the taxpayer took this present appeal.

After argument and due consideration had, we are of opinion the present case is in line with our holding in Freeman v. United States, 71 F.(2d) 969, and that the Board committed no error in approving the holding of the Commissioner. In view of the full discussion by the Board of the authorities and principles involved, we limit ourselves to approving the Board's holding and affirming its decision.