C. V. STARR & CO., Federal Inc. U. S. A., v.
COMMISSIONER OF INTERNAL
REVENUE.

No. 4425.

Circuit Court of Appeals, Fourth Circuit.

Feb. 3, 1939.

L. C. Collins, of Washington, D. C., and J. B. Allman, of Rockymount, Va., for petitioner.

Lee A. Jackson, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

SOPER, Circuit Judge.

The Revenue Act of 1932, c. 209, section 261 (a), 47 Stat. 169, 26 U.S.C.A. § 261 (a) provides, for the purpose of the income tax imposed by section 13 thereof, 26 U.S.C.A. § 13, that in the case of a corporation organized under the China Trade Act of 1922, c. 346, 42 Stat. 849, 15 U.S.C.A. § 141 et seq., a credit against the net income shall be allowed, based upon the net income derived from sources within China; provided that the tax shall not be diminished to a greater amount than the amount of a special dividend distributed to stockholders as described in section 261 (b) of the Act. The dividend must be one that has been distributed to certain described stockholders "during the year ending on the date fixed by law for filing the return."[1]

The petitioning taxpayer was such a corporation. Under section 12 (a) of the China Trade Act, 15 U.S.C.A. § 152 (a),

---

[1] "§ 261. * * *

"(b) *Special dividend.* Such credit shall not be allowed unless the Secretary of Commerce has certified to the Commissioner—

"(1) The amount which, during the year ending on the date fixed by law for filing the return, the corporation has distributed as a special dividend to or for the benefit of such persons as on the last day of the taxable year were resident in China, the United States, or possessions of the United States, or were individual citizens of the United States or China, and owned shares of stock of the corporation;

"(2) That such special dividend was in addition to all other amounts, payable or

to be payable to such persons or for their benefit, by reason of their interest in the corporation; and

"(3) That such distribution has been made to or for the benefit of such persons in proportion to the par value of the shares of stock of the corporation owned by each; except that if the corporation has more than one class of stock, the certificates shall contain a statement that the articles of incorporation provide a method for the apportionment of such special dividend among such persons, and that the amount certified has been distributed in accordance with the method so provided."

the fiscal ·year of such corporation corresponds with the calendar year. For the calendar year 1933, the taxpayer's return showed a net income earned in China of $15,481.80, upon which an income tax of $2,128.75 was computed. The taxpayer filed as a credit against the tax a special dividend of $2,560.03, · and reported no tax to be due. The dividend was distributed on May 30, 1934 and the return was filed on June 14, 1934. The credit was disallowed by the Commissioner of Internal Revenue, and his determination was approved by the United States Board of Tax Appeals. The · decision was based on the ground that March 15 was "the date fixed by law for filing the return", and hence the dividend of May 30, 1934 was not distributed "during the year ending on the date" so fixed. The taxpayer contends that it was entitled to the credit because the return was not due under the law until June 15; and the issue thus joined raises the only question in the case.

Section 53 (a) (1) of the Revenue Act of 1932, 26 U.S.C.A. § 53 (a) (1), enacted the general rule that returns made on the basis of the calendar year· shall be made on or before the 15th day of March following the close of the year; but section 53 (a) (2) provided that the Commissioner might grant a reasonable extension of time for filing returns under such rules and regulations as he should prescribe with the approval of the Secretary. Article 403 of Treasury Regulations 77, promulgated ·under the Revenue Act of 1932, provided that domestic corporations[2] which "transact their business and keep their records and books of account abroad" should have an extension for filing returns "up to and including the 15th day of the sixth month following the close of the taxable year". It is conceded that under this regulation it was lawful for the taxpayer to file its return on or before June 15. Therefore, the return filed on June 14, 1934 was on time, and the dividend of May 14, 1934 was distributed before the return was due.

If attention is confined to the provisions of the statutes and regulations heretofore mentioned, no difficulty is experienced in reaching the conclusion that the credit claimed by the taxpayer should have been allowed. But the effect of another regulation ·must also be considered. Article 1153 of Treasury Regulations 77 purports to interpret the meaning of the terms of the Revenue Act used in connection with China Trade Act corporations, and specifically provides that "the term 'special dividend' means the amount which during the year ending on March 15 succeeding the close of the corporation's taxable year is distributed as a special dividend * * *." In other words, the administrative interpretation was that the special dividend must be distributed on or before March 15 in order to serve as the basis of a credit against the taxable income of the corporation for the preceding calendar year.

The Commissioner points to the legislative history in support of his interpretation. Power was conferred upon the Commissioner by Section 227 (a) of the Revenue Act of 1921, 42 Stat. 251, to grant a reasonable extension of time for filing returns whenever in his judgment good cause existed; and on February 11, 1922, before the enactment of the China Trade Act of 1922, the Commissioner had granted a blanket extension up to and including June 15 to domestic corporations which transacted their business and kept their records and books of account abroad. T. D. 3284, I-1 Cumulative Bulletin 249.

The China Trade Act of 1922 in section 21, 42 Stat. 855, provided that the special dividend was the amount which was distributed "during the year ending on the date of filing the return". The provisions for the taxation of China Trade corporations were reenacted by the Revenue Act of 1924, c. 234, 43 Stat. 253, 295, section 263, and by all subsequent revenue acts, Revenue Act 1926, § 263, 44 Stat. 53, Revenue Acts 1928, 1932, 1934, § 261, 26 U.S.C.A. § 261, Revenue Acts 1936, 1938, § 262, 26 U.S.C.A. § 261, with the exception that section 263 (b) (1) of the Act of 1924 and the corresponding sections of subsequent acts provided that the special dividend was the amount distributed "during the year ending on the date fixed by law for filing the return". By this change, the period during which the special dividend must be distributed was calculated with reference to the due date rather than the actual date of the return, and hence the change made for uniformity.

Under section 227(a) of the Act of 1924, 43 Stat. 281, the power of the Commissioner to grant reasonable extensions of time for filing returns was qualified by the proviso that application therefor be made

---

[2] Section 25 of the China Trade Act, 42 Stat. 856, provides that a corporation organized thereunder shall be considered a domestic corporation.

before the date prescribed by law for filing the returns. It was under this act that the first regulation was passed holding that the term "special dividend" means the amount which during the year ending March 15 succeeding the close of the corporation's taxable year is distributed as a taxable dividend; (see, art. 1143 of Regulations 65 under the Act of 1924); and this regulation was followed by a ruling of the Commissioner in I. T. 2120, III-2 Cumulative Bulletin 249 that inasmuch as the latest date fixed by the statute for filing the return was March 15, the latest date on which a China Trade corporation might distribute a special dividend, entitling it to credit, was also March 15. Treasury regulations under subsequent acts have consistently followed the same course and have contained a provision substantially like that in article 1153 of Treasury Regulations 77 under the Revenue Act of 1932 above mentioned.[3]

The Commissioner points out that Congress, with knowledge of the administrative construction placed upon the language of section 263 (b) (1) of the Act of 1924, has used the same phrase in subsequent revenue acts with reference to the distribution of the special dividend, to wit: "during the year ending on the date fixed by law".[4] Relying upon this history, the Commissioner invokes the rule that the administrative interpretation of language which has been subsequently reenacted by Congress, must be deemed to be in harmony with the intent of Congress, unless the language of the statute is unambiguous and the administrative interpretation thereof clearly inconsistent with it. Massachusetts Mut. Life Ins. Co. v. United States, 288 U.S. 269, 273, 53 S.Ct. 337, 77 L.Ed. 739; R. J. Reynolds Tobacco Co. v. Commissioner of Int. Rev., 4 Cir., 97 F.2d 302; Helvering v. Safe Deposit & Trust Co. of Baltimore, 4 Cir., 95 F.2d 806 and cases cited.

It is also suggested that the term "law" usually has reference to the statutes rather than regulations, and that the revenue acts themselves have distinguished between the date fixed by law (meaning statute) and the time prescribed by an administrative official for filing the return, as in Section 16 of the Revenue Act of 1916, c. 463, 39 Stat. 756, 773, and in section 291 of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 1727.[5] Hence it is said that a special dividend offsetting the income tax liability must be distributed on or before March 15, the date fixed by law, rather than on or before June 15, the date fixed by regulation, for filing the return.

These considerations are not without weight. But in our opinion, they are not controlling because the construction of the act for which the Commissioner contends seems to us to be inconsistent with the underlying purpose of the peculiar provisions of the China Trade Act and of the revenue acts relating thereto. It seems to be clear that Congress intended that the time limit for the filing of the return and for the distribution of the special dividend should be one and the same; and this was true both under section 21 of the China Trade Act of 1922 providing that the dividend must be distributed during the year ending on the date of filing the return, and also under section 263 of the Revenue Act of 1924 and the corresponding sections of subsequent revenue acts that the divi-

---

[3] It should be noted, however, as shown above, that the Commissioner had no power, under the Act of 1924, to give blanket extensions of time for filing returns. The ruling in I. T. 2120, under the Act of 1924 supra, was therefore justified, as there was then no general regulation granting an extension for filing returns up to and including June 15. But under the subsequent Revenue Acts the Commissioner had, and exercised the power to grant blanket extensions up to June 15 under regulations approved by the Secretary, e. g., article 403 of Treasury Regulations 77 under the Act of 1932 supra. No notice seems to have been taken of this change, when the Commissioner, in the regulations under the subsequent revenue acts, repeated the ruling that had been first made under the 1924 Act, that the latest date on which a special dividend might be distributed was March 15.

[4] Section 263 (b) (1), Revenue Act of 1926, c. 27, 44 Stat. 9, 53; Section 261 (b) (1), Revenue Act of 1928, c. 852, 45 Stat. 791, 851, Section 261 (b) (1), Revenue Act of 1932, c. 209, 47 Stat. 169, 232, Section 261 (b) (1), Revenue Act of 1934, c. 277, 48 Stat. 680, 739, Section 262 (b) (1), Revenue Act of 1936, c. 690, 49 Stat. 1648, 1720, 26 U.S.C.A. § 261 (b) (1).

[5] Under section 291 of the Revenue Act of 1936, 26 U.S.C.A. § 291, the wording is: "In case of any failure to make and file a return required by this title [chapter], within the time prescribed by law or prescribed by the Commissioner in pursuance of law * * *."

dend must be distributed during the year ending on the date fixed by law for filing the return.

The unusual character of the credit against income, provided in these statutes, is worthy of note. Ordinarily, income tax liability depends upon transactions consummated within the taxable year, but in the case of a China Trade corporation, the special dividend may be a credit even though it is not distributed until after the close of the taxable year. It is also noteworthy that China Trade corporations, like other taxpayers who transact their business and keep their books abroad, are accorded by formal regulation a special extension of time for the filing of the returns. This relief is doubtless granted because of the greater difficulty of accounting for the details of a distant business at the earlier date generally required. But this difficulty applies as well to the declaration of the special dividend as it does to the preparation of the return. Indeed the tax liability to be indicated by the return, and the distribution of the special dividend which may form the basis of a credit, are so connected by the statute that the one cannot be determined until the existence vel non of the other has been ascertained. The purpose of the China Trade Act of 1922 was to make it possible for American business concerns operating in China to be on the same favorable basis as their foreign competitors in respect to exemption from taxation on profits derived from their China business; and if it can be reasonably done, the act should be so construed as to enable the taxpayer to take advantage of the benefits conferred by applying to the income tax liability of each calendar year the exemption based upon the special dividend declared with reference to the year's business.

There is no difficulty in adopting the taxpayer's construction of the act, growing out of the requirement that the special dividend must be distributed during the year ending on the date fixed by law for filing the return. Regulations promulgated by administrative officers, with the authority of Congress, to carry into effect the provisions of a federal statute, have the force and effect of law, if consistent with the statute. Standard Computing Scale Co. v. Farrell, 249 U.S. 571, 39 S.Ct. 380, 63 L.Ed. 780; United States v. Grimaud, 220 U.S. 506, 517, 31 S.Ct. 480, 55 L.Ed. 563. It is not disputed that the lawful date for

the filing of income tax returns by China Trade corporations is up to and including June 15, as provided in Article 403 of Treasury Regulations 77, supra; and the question whether or not such a corporation has complied with its legal obligation with respect to the filing of its return must be determined by reference to those regulations. It is therefore correct to say that the date fixed by law for the filing of such a return is June 15.

The decision of the Board of Tax Appeals is reversed.