## MASSACHUSETTS MUTUAL LIFE INSURANCE CO. *v.* UNITED STATES.

No. 322. Argued January 16, 17, 1933.—Decided February 6, 1933.

*Mr. Guy Patten,* with whom *Mr. A. R. Serven* was on the brief, for petitioner.

*Mr. Whitney North Seymour,* with whom *Solicitor General Thacher* and *Assistant Attorney General Rugg* were on the brief, for the United States.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The question in this case is whether the petitioner, a Massachusetts life insurance company operating on the mutual level premium plan, is entitled, under § 245 of

the Revenue Act of 1926,[1] to deduct from its gross income, as interest paid, the amount of interest credited to its policyholders during the taxable year, but not withdrawn by them.

Petitioner agrees to repay a portion of its receipts to policyholders in the form of dividends. The policies provide that these dividends, when declared, may at the option of the insured be withdrawn in cash, applied as premium payments, or allowed to remain on deposit with the company at interest. If the last alternative be chosen the dividends and interest accumulate; interest being added to the accumulated sum at the end of each policy year. The dividends and all accrued interest thereon may be withdrawn at any time on demand. Of the total which became due policyholders in 1926 as interest on sums so left with the company, $544,964.40, the portion not withdrawn, was credited in appropriate amounts to the individual accounts of the policyholders during that year. In its tax return the petitioner deducted as interest paid the amount so credited. Interest actually withdrawn during 1926 totaled $248,405.97, some of which was credited to the policyholders in that year, but the greater portion of which had accrued prior to 1926, and had been credited in the respective years of accrual. No deduction was taken for this sum. The Commissioner disallowed the claimed deduction, and allowed in lieu thereof the amount of interest actually withdrawn in 1926. The resulting additional tax was paid under protest, a claim for refund filed, and, the Commissioner having failed to act upon the claim, suit was brought in the Court of Claims to recover the amount. That court dismissed the petition[2] and we brought the case here by certiorari.

The earlier Revenue Acts made no distinction, in the method of computing the tax, between insurance com-

---

[1] 44 Stat. 9, 47.

[2] 75 Ct. Cls. 117; 59 F. (2d) 116.

panies and other corporations. The Act of 1921 and those subsequently adopted embodied special and separate pro- visions respecting such companies.[3] In the Act of 1926, with which we are here concerned, the applicable sections are 242 to 247, inclusive, the first four dealing with life companies. Section 244 defines gross income as the amount received during the taxable year from interest, dividends and rents. Section 245 defines net income as the gross income, less certain enumerated deductions. Paragraph (8) permits deduction of: "All interest paid or accrued within the taxable year on its indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities . . . the interest upon which is wholly exempt from taxation under this title."

The language of paragraph (8) with respect to interest paid or accrued on indebtedness is precisely the same as that employed with respect to deductions allowed to in- dividuals by § 214 (a) (2)[4] and to corporations by § 234 (a) (2).[5] Section 200 (d)[6] enacts that "The terms 'paid or incurred' and 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed under § 212 or 232 . . ." The sections mentioned are those applicable to individuals and to corporations generally; neither deals with insurance companies, which, as above said, are treated exclusively in §§ 242 to 247, inclusive.

In the light of these provisions the petitioner insists that insurance companies are forbidden by the terms of the statute to keep their accounts and make their returns by the accrual method, but must report on the cash basis.

---

[3] Rev. Act 1921, §§ 242–247, 42 Stat. 261; Rev. Act 1924, §§ 242– 247, 43 Stat. 288; Rev. Act 1926, §§ 242–247, 44 Stat. 47; Rev. Act 1928, §§ 201–205, 45 Stat. 842; Rev. Act. 1932, §§ 201–205, 47 Stat. 223.

[4] 44 Stat. 26.

[5] Ibid., 41.

[6] Ibid., 10.

Hence it is claimed the words " paid or accrued," as applied to interest, cannot grant an option in the matter of returns, depending upon whether the insurance company keeps its accounts on a cash basis or on an accrual basis, as in the case of other taxpayers, since the company has no choice in this respect; that the word " accrued " cannot be read out of the statute or left without meaning or effect; and that the phrase is employed to describe and allow deduction of interest accrued on dividends left with the company.

The Government replies that prior to 1921 there was no statutory direction as to how insurance companies' returns should be made; a regulation required them to be upon the cash basis; when new sections were inserted in the Act of 1921 as to insurance companies the phraseology with respect to interest deductions of individuals and corporations generally was lifted bodily out of the sections applicable to individuals and corporations and inserted in these new sections; as the act does not permit insurance companies to account on the accrual basis, only interest paid is deductible, and the term " accrued " has no application. It further points to a regulation adopted immediately upon the passage of the Act of 1921 and carried forward in the regulations under the Acts of 1924 and 1926. This regulation is: [7]

" The deduction allowed by section 245 (a) (8) for interest on indebtedness is the same as that allowed corporations by section 234 (a) (2) (see Arts. 561, 121, and 122), but this deduction includes item 18 of the disbursement page of the annual statement of life companies to the extent that interest on dividends held on deposit and surrendered during the taxable year is included therein.".

Item 18 of the disbursement page of the annual statement of insurance companies includes the amount of in-

[7] Treasury Regulations 62, Art. 685 (3). See Regulations 65, Art. 685(3); Regulations 69, Art. 685(3).

terest actually paid policyholders, whereas accrued interest credited and not withdrawn is shown in item 22 on page 5 of the standard form of report. Insurance companies have without exception complied with the regulation and taken a deduction only for interest paid. The right to deduct interest credited to policyholders but not withdrawn is now asserted for the first time.

The Congress in the Revenue Acts of 1928 and 1932 reënacted § 245 without alteration.[8] This action was taken with knowledge of the construction placed upon the section by the official charged with its administration. If the legislative body had considered the Treasury interpretation erroneous it would have amended the section. Its failure so to do requires the conclusion that the regulation was not inconsistent with the intent of the statute (*National Lead Co.* v. *United States,* 252 U. S. 140, 146; *Poe* v. *Seaborn,* 282 U. S. 101, 116; *McCaughn* v. *Hershey Chocolate Co.,* 283 U. S. 488, 492; *Costanzo* v. *Tillinghast,* 287 U. S. 341) unless, perhaps, the language of the act is unambiguous and the regulation clearly inconsistent with it. Compare *Lousiville & N. R. Co.* v. *United States,* 282 U. S. 740, 757–8. The petitioner insists that the statute needs no interpretation and its plain mandate should be enforced. But on examination the proper application of the section is not so clear as is claimed.

The regulations of the Treasury under all the Revenue Acts since 1916 have required taxpayers to report on the cash or accrual basis, depending on which method was pursued in their accounting.[9] Since the adoption of the Revenue Act of 1921 the requirement has been statutory. It is settled beyond cavil that taxpayers other than insurance companies may not accrue receipts and treat

---

[8] See note 3, *supra.*

[9] Regulations 33 (1918 ed.), Arts. 126, 180; Regulations 45, Arts. 23, 1533.

expenditures on a cash basis, or vice versa. Nor may they accrue a portion of income and deal with the remainder on a cash basis, nor take deductions partly on one and partly on the other basis. Congress we think did not intend to make an exception of insurance companies. If they are not allowed to account on an accrual basis for interest owed them there is no reason for permitting them to treat interest owed by them on any different basis. The very paragraph (8) on which petitioner relies as defining interest credited but not paid, by the use of the word "accrued," recognizes that insurance companies may have indebtedness of other sorts, such as that arising from borrowings to carry securities. Since the company is required to treat interest received on a cash basis, it ought not have the privilege of accruing interest owed. That privilege must be accorded, if petitioner is right. We think the result would be unreasonable and is not intended by the act.

We are referred to a regulation which provides: "Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession." [10] It is argued that the regulation requires the policyholder to report interest credited to him as received in the year of credit. The conclusion drawn is that if the credit is income to the insured it must constitute a "constructive payment" by the company. In this view the transaction is said to come within the term "paid" and we may disregard the word "accrued." This regulation has, however, not been applied in any case where income has been credited to another by a taxpayer employing the cash receipts and disbursements method of accounting; and specifically it has not been invoked to require policyholders to report as income the dividends or interest credited to them in cases such as this. No tax is de-

---

[10] Regulations 69, Art. 51,

manded of them until actual receipt of the money. The constructive payment theory is, we think, untenable.

We conclude Congress did not intend by the use of the word "accrued" in § 245 (a) (8) to permit the deduction of interest on policy dividends credited but not paid during the taxable year.

The judgment of the Court of Claims is

*Affirmed.*