FRED W. LEADBETTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PITTOCK-LEADBETTER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 88588, 88589. Promulgated March 21, 1939.

*Earl S. Nelson, Esq.*, for the petitioners.
*John H. Pigg, Esq.*, and *Edward C. Adams, Esq.*, for the respondent.

632

OPINION.

STERNHAGEN : ■ ■ Petitioner Leadbetter, on the postulate that he was domiciled in the State of Washington, included on his tax returns for 1933 and 1934 only his share of community income. The Commissioner determined that he was "domiciled in the State of Oregon which state does not have the community property provisions", and hence transferred several items from the return of his wife to his return. This petitioner assails and undertakes to prove his domicil in the taxable years to have been at Camas, Washington.

Since domicil is primarily determinable by evidence, direct and circumstantial, of intent, there is in the record the testimony of numerous witnesses, photographs, documents, and records covering many years. Weighing this, we find ourselves without doubt that in the years 1933 and 1934 petitioner's home was at Camas, Washington, that this is where he and his family expected to and did return whenever they went away, that they thought of it as home, and that no other dwelling fulfills the long recognized conception of domicil. The numerous facts and circumstances which the respondent has gathered weigh but lightly against the testimony of petitioner, his wife, his son, his daughter, his old friend, his neighbor, and his employee.

The only Oregon house upon which respondent could predicate his determination of Oregon residence is the Cedar Hill place, and that was the least used of the three and can hardly be said to have been really lived in at all by petitioner for many years. Indeed, from a strict consideration of the evidence, we know not whether it was owned by him in the tax years, for the Commissioner made no determination at all about the Cedar Hill house and the evidence shows only that petitioner bought it in 1902 for $40,000, spent $200,000 on it altogether, occupied it only occasionally and never as a permanent home, and that at some unspecified time before the hearing it became the property of his daughter and her husband. It takes but little evidence to overcome a general determination of domicil in the State of Oregon having such slight support. *Fredrick Rodiek, Executor*, 33 B. T. A. 1020, 1033; affd., 87 Fed. (2d) 328.

The respondent catalogs 15 particulars which he urges constitute a preponderance of evidence in favor of an Oregon domicil. While they may not be disregarded, they amount in all to little as against the story of petitioner's domestic conduct for many years in and about the Camas place.

The ultimate and controlling fact has been found to be that petitioner was in 1933 and 1934 a resident of Camas, Washington, and it is concluded that he was domiciled in that state. He was, therefore, entitled to avail himself of the effect of its community property law, *Poe* v. *Seaborn*, 282 U. S. 101, and the Commissioner was in error in denying it.

■ ■ The Commissioner made no determination whatever in the notice of deficiency which would reasonably have put the taxpayer on notice that even if he were domiciled in Washington some of the items of gross income which had been treated as community income were determined to have been separate income entirely taxable to petitioner. The pleadings do not suggest such a question. At the opening of the trial the respondent's counsel adverted to the possibility that there might be some unspecified items of separate income which had been improperly divided between petitioner and his wife as community property, although some items were conceded to have been clearly community items. Nothing more definite was said on the subject of classifying income between community and separate items throughout the trial. In respondent's brief, subsequently filed, a point is made that petitioner, even if domiciled in Washington, has not overcome the presumptive correctness of the determination because he has not proven that all of the divided items were community income, and therefore that he must be taxed upon all the items as separate property.

We think that, in the posture of the case as it was tried, this view must be rejected. The Commissioner did not determine any items to have been petitioner's separate income, but only that petitioner's contention "that you and your wife should be permitted to divide your combined income for the years 1933 and 1934 on the community property basis has been denied", because of domicil in Oregon. Petitioner assailed this and has, as we hold, established its error. There was no reason to regard this apparently forthright determination as to domicil as covertly including an unspecified determination that each item of divided income was in fact and law the separate income of petitioner and therefore not divisible. The petitioner was in fairness justified in reading and assailing the determination according to its plain terms, as an adverse finding of domicil, a reversal of which would carry with it the exclusion of the items which had been divided as community income. If we were to judge the sepa-

rate or community character by the only indication there is in the record, namely, the list of terms applied to the items in the deficiency notice, such as "salaries", "interest", "rents", etc., it would be more reasonable to treat them all as community than as separate. There is a presumption in Washington to that effect, *Rucker* v. *Blair*, 32 Fed. (2d) 222. If as to any item this is not so, it is not unfair to expect a specific determination by the respondent which would call upon the taxpayer in due time to prepare to meet his burden of proof.

■ The Commissioner disallowed the deductions taken by Leadbetter on his 1934 individual return for interest. Being on the cash basis, petitioner could not deduct interest unless it was actually paid; accrued interest availed him no deduction, *Massachusetts Mutual Life Insurance Co.* v. *United States*, 288 U. S. 269; *Barto Co.*, 21 B. T. A. 1197; *Oscar G. Joseph*, 32 B. T. A. 1192; *George S. Groves*, 38 B. T. A. 727, and his right to deduct is not enhanced by his giving a new note for interest, *Eckert* v. *Burnet*, 283 U. S. 140.

The evidence shows sporadic bookkeeping entries balancing the accounts between petitioner and the corporation. This does not support the petitioner's claim, and the Commissioner's determination is sustained.

■ The corporation, Pittock-Leadbetter, took deductions on its 1933 and 1934 returns for depreciation and operating expenses of the automobiles. The Commissioner disallowed these deductions and also added to Leadbetter's individual income amounts equivalent to such deductions, which he treated as the value of the use of the automobiles to Leadbetter. Although the two proceedings of the individual and the corporation were separately tried, they may appropriately be considered together as to these issues, since they are correlative aspects of the same facts. We find nothing to support either the deduction taken by the corporation or the income attributed by the Commissioner to the individual. Obviously the automobiles, even though technically owned by the corporation, were a personal convenience of the Leadbetter family. Nothing in the corporation's business required their use or that he should be given their use as compensation, and the attempt by the corporation to support a conception of them as a business facility by the testimony that one was once used to transport a person to see a yacht with a view of chartering it from the corporation is a demonstration of the unsubstantial character of the petitioner's claim.

The Commissioner's disallowance of the corporation's automobile deductions is sustained, and his inclusion in petitioner's income of the amounts treated as the value of their use is reversed.

*Decision will be entered under Rule 50.*