THE HUSTAD COMPANY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99336. Promulgated January 29, 1941.

*Benjamin H. Flesher, Esq.*, for the petitioner.
*H. A. Melville, Esq.*, for the respondent.

## OPINION.

MELLOTT: The sole issue is: Did the respondent err in denying petitioner a dividend paid credit of $9,000? The applicable statute is section 27 (a) of the Revenue Act of 1936.[1] It is part of the act imposing a surtax on corporations in an amount measured by the undistributed net income (section 14) which is defined (section 14 (a) (2)) as the adjusted net income minus the dividends paid credit (section 27 (a), *supra*) and the credit provided in section 26 (c) relating to contracts restricting the payment of dividends.

Petitioner insists that the dividend was paid during the fiscal year. Quoting article 42-2 of Regulations 94, dealing with income not reduced to possession and requiring the taxpayer to include in gross income amounts credited or set apart to him "without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made", it urges that its stockholders constructively received the amounts credited to their accounts. Though it does not say so in so many words, inferentially it argues it made a constructive payment of the same amounts. The force of this argument is weakened by the fact that petitioner's active officers, owners of two-thirds of its stock, did not include the amounts in their gross income. While the respondent places considerable stress upon this circumstance, we think it is relatively unimportant. Constructive receipt by a stockholder does not imply, as a correlative, constructive payment by the corporation, *Cox Motor Sales Co.*, 42 B. T. A. 192, even if we are justified in assuming, con-

[1] SEC. 27. CORPORATION CREDIT FOR DIVIDENDS PAID.

(a) DIVIDENDS PAID CREDIT IN GENERAL.—For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year.

trary to the language of the statute, that Congress intended to grant the credit if a constructive payment be shown. Cf. *Sanford Corporation* v. *Commissioner*, 106 Fed. (2d) 882; *Massachusetts Mutual Life Insurance Co.* v. *United States*, 288 U. S. 269.

In the recent proceeding of *Atlantic Land Co.*, 43 B. T. A. 74, a corporation on December 30, 1936, declared a dividend payable on that day and credited the amount thereof upon its books to accounts carried in the names of its stockholders without any restrictions as to withdrawals. It was held that the object of the statute had been satisfied and that the corporation should be given the dividends paid credit. *Valley Tractor & Equipment Co.*, 42 B. T. A. 311, was cited, it being pointed out that the "only difference between the situation in the two cases is the fact that no checks were issued" in the *Atlantic Land Co.* case, though checks had been issued in the cited case, which were not cashed until several months later.

The Department in its regulations (art. 27–1 (b), Regulations 94) recognizes that a corporation may become entitled to the dividend paid credit by crediting the account of the shareholder on the books of the corporation with the amount of the dividend. It states that such credit "will not be allowed unless it is shown to the satisfaction of the Commissioner that such crediting constituted payment of the dividend to the shareholder within the taxable year." It has been said that this provision "leaves the problem where it finds it" *Valley Lumber Co. of Lodi*, 43 B. T. A. 423, and it manifestly furnishes but slight aid in solving the present problem. The question is, not whether crediting the amounts of the dividend to the accounts of the stockholders may constitute the payment of a dividend, but whether the crediting to the accounts of the stockholders in the manner and under the circumstances shown in this record constituted payment of a dividend. We are of the opinion that it did not.

It will be noted that the resolution does not make the amount of the dividend available to the stockholders at any time they should see fit to withdraw it. While the respective amounts were "to be credited to the drawing accounts", charges could not be made against them unless "in the opinion of the directors the finances of the company warranted payment in full or partial settlement." The company was no doubt solvent; but its cash position was such that it probably would have been necessary for it to borrow additional funds in order to make the payment. This may have been one of the reasons for requiring subsequent action of the board of directors as a condition precedent to withdrawing the amounts credited. But there is another equally cogent reason why the credit can not be allowed. The evidence clearly indicates that petitioner's officers did

not intend that a dividend should be "paid during the taxable year." Its president, testifying as a witness, said: "We like to keep the money in our business as much as we can, and we use that money to keep our credit in good condition, and we don't want to use any more money than we can get along with. Our business is not a very big business, and we need all the cash we can [*sic*], therefore, we draw it as we need it." In answer to the question: "In other words, because of the cash position of the company, you neither actually pay salary nor dividends, except to the extent that the officers need the money?" the witness responded: "Well, if you take it that way, I think that is about what it would be, yes." The same thought was again expressed by the witness when he stated that he had told the revenue agent "that we try to keep our salaries and commissions in the corporation as long as we can to take care of our business." This was probably a sound business practice; but it must be kept in mind that Congress, in enacting the undistributed profits tax, deliberately chose to fix the rate corporations should pay "in accordance with the proportion of net income undistributed."[2] It limited the credit, which may be allowed under section 27 (a), *supra*, to "dividends paid during the taxable year", and we can do no less.

Petitioner has failed to show that it paid any dividend during the taxable year and the Commissioner's determination of a deficiency must be, and it is, approved.

*Decision will be entered for the respondent.*

---

[2] Report of Committee on Ways and Means, 74th Cong., 2d sess.