## MUSSELMAN HUB-BRAKE CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 9503.

Circuit Court of Appeals, Sixth Circuit.

Dec. 1, 1943.

66

Wayland K. Sullivan, of Cleveland, Ohio (Wayland K. Sullivan and Ray T. Miller both of Cleveland, Ohio, on the brief), for petitioner.

Louise Foster, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, Helen R. Carloss, and Newton K. Fox, all of Washington, D. C., on the brief), for respondent.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

Petitioner, an Ohio corporation, which kept its accounts and made its tax returns on the accrual basis, became currently indebted for the years 1937, 1938 and 1939, inclusive, to its controlling stockholder for patent royalties and interest, which sums it credited on its books. Sometime in February 1938, and for each of the subsequent years here in question, petitioner, on advice of its tax auditor, gave to its creditor within two and one-half months after the close of the tax year, demand promissory notes for the debts.

During all of the tax years petitioner was solvent, and its notes had a cash par value. The creditor stockholder reported in gross income the par value of the notes received by him each year.

Petitioner, in its income and excess profits tax returns for the years 1937 to 1939, inclusive, deducted the respective amounts, which the Commissioner of Internal Revenue disallowed. The United States Tax Court sustained the commissioner and petitioner appeals.

Sections 23(a) (1), (b) of the Revenue Acts of 1936 and 1938, Internal Revenue Code, 26 U.S.C.A. § 23(a) (1), (b), permit deductions from gross income of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business and all interest paid or accrued during the taxable year. Section 24(c) (1) of the Revenue Acts of 1936 and 1938, Internal Revenue Code, 26 U.S.C.A. § 24(c) (1), denies as deductions all expenses allowable under Section 23(a) or interest incurred under 23(b) unless paid within the taxable year, or within two and one-half months after the close thereof.

The question on this appeal is whether, under the facts in this case, Section 24(c) of the Revenue Act of 1936 as amended by Section 301 of the Revenue Act of 1937, prohibits deductions allowable under Section 23(a) (1), (b).

Prior to 1937, all revenue acts made deductible from gross income all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business and all interest paid or accrued within the taxable year on indebtedness.

The Joint Committee on tax evasion and avoidance of the 75th Congress found that many corporations credited on their books to their controlling stockholder incurred business expenses and accrued interest and deducted them from gross income without the stockholder including such items in his gross income for the current year, and that the corporation paid the credits to the stockholder in a subsequent year when his net income was low, which resulted

in the stockholder shifting his taxable income from a high to a low bracket.

The committee also found that some debtors kept their accounts on an accrual basis and the creditor reported his income on a cash basis which resulted in the debtor taking the deduction in one taxable year and the creditor reporting the income in another. The committee found too that in some cases corporations made credits on their books to their controlling stockholder of items deductible from gross income and such credits were subsequently extinguished with the result that they were at no time reported by the stockholder. (Hearings Before Joint Committee on Tax Evasion and Avoidance, 75th Cong. 1st Sess. pp. 241, 242, Ways and Means Committee Report No. 1546, 75th Cong. 1st Sess. pp. 16, 29.)

■ In order to protect the revenue and remove inequalities, the Congress passed the statute with which we are here concerned which, in substance, provides that where the relationship between the parties is such that losses from sales or exchanges between them are not deductible or where the creditor is on a cash basis, that accrued expenses and interest are not deductible by a debtor on the accrual basis, unless actually paid within two and one-half months after the close of the debtor's taxable year. The precise language of the provision is found in the footnote.* The Ways and Means Committee expressed the opinion that hardships, if any, because of the time requirement, would be rare since such debts would normally be paid within the two and one-half months, if incurred in the ordinary course of business. (Report of Joint Committee on Tax Evasion and Avoidance, 75th Cong. 1st Sess. p. 16.)

■ The purpose of statutory construction is to harmonize the law and save apparently conflicting statutes from ineffectiveness. Burnet v. Guggenheim, 288 U. S. 280, 286, 53 S.Ct. 369, 77 L.Ed. 748.

■ Taxing statutes must be applied within reasonable limits and construed in the light of their purpose. One designed to prevent tax avoidance may, under some circumstances, be liberally interpreted in favor of the taxpayer by confining its scope to the object of its creation.

■ It is necessary to read Sections 23 (a) (1) and 24(c) (1) together in order to arrive at the intention of the Congress under the long established rule that the purpose of the enactment is to be deduced from a view of every material part of the statute on the subject. Helvering v. Rebsamen Motors, Inc., 8 Cir., 128 F.2d 584.

■ We are not here concerned with the rule that deductions are a matter of legislative grace and therefore the taxpayer must bring a claimed deduction clearly within the terms of the statute, because the statutes we are considering all relate to deductions. When Section 23 is applied, the deductions in question are clearly allowable, but for Section 24(c). So, the rule applies that the two sections should be integrated to carry into effect their combined purpose. Anderson v. Pacific Coast S & S Co., 225 U.S. 187, 203, 32 S.Ct. 626, 56 L.Ed. 1047.

Section 24(c) modified the general rule stated in Section 23(a) (1), by prohibiting the deductions allowable under the latter section, unless payments were made within the prescribed period, and the relationship between the debtor and creditor, in the matter of accounting or stock ownership, was as defined in Section 24(c) (2) or (c) (3).

■ The word "paid" found in Section 24(c) (1) must be defined in its context setting and in the light of the legislative history of the enactment to determine whether, within its meaning, the deduc-

---

\* Unpaid expenses and interest. In computing net income no deduction shall be allowed under section 23(a), relating to expenses incurred, or under section 23(b), relating to interest accrued—

"(1) If such expenses or interest are not paid within the taxable year or within two and one half months after the close thereof; and

"(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

"(3) If, at the close of the taxable year of the taxpayer or at any time within two and one half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24(b)."

tion by the debtor must be paid in cash to the creditor, or made available to him in such form as would require him to include the debtor's deduction in the creditor's gross income. Helvering v. Hutchings, 312 U.S. 393, 396, 61 S.Ct. 653, 85 L.Ed. 909. In the case at bar the creditor made his returns on a cash basis and the debtor made its returns on an accrual basis. The creditor was the owner of a majority of petitioner's voting stock; therefore, the deductions claimed by the petitioner are not allowable unless "paid" as that word is used in Section 24(c) (1).

■■ The rule that words and phrases used in a statute are to be taken and understood in their plain, ordinary and popular sense, is not always to be followed in construing the language of taxing statutes. If it is clear from the purpose of the statute, read in the light of the whole subject to which it relates, that Congress used the words therein in a broad or different sense from that which would ordinarily be attributed to them, such words and phrases must be given the meaning intended by the Congress. Applying this rule and using the keys found in Sections 23 and 24(c) (2) and (3), and the legislative history of 24, to unlock the meaning of the word "paid," it would seem that Congress meant that the debts were paid when the deductions constituted income actually or constructively received by the creditor. In other words, if the debtor credited to the account of the creditor sums under circumstances which would require reporting income constructively received or the creditor received property, either tangible or intangible, having a cash value equal to the deduction claimed by the debtor, the deduction would be allowable under the statute, because the creditor would be required to include these sums in his gross income.

To construe the word "paid" to mean that the payment must be in cash, is to distort the statute. The statute here in question is not for the purpose of classifying taxpayers but is for the purpose of bringing about uniformity among taxpayers in the matter of allowable deductions.

The Treasury Department has ruled the deduction of the creditor is "paid" if the debtor is required in the same tax year to include the sum in his income. (Regulations 101, Art. 2466, T.D. 4790, C.B. 1938-1, p. 83, amending Regulations 94, Regulations 103, Sec. 19.24-6. I.T. 3242, C.B. 1939-1, p. 172.)

■ It is well settled that income subject to a taxpayer's unfettered command and which he is free to enjoy may be taxed as his income although not paid to him in cash. Corliss v. Bowers, 281 U. S. 376, 378, 50 S.Ct. 336, 74 L.Ed. 916. Likewise, notes or other evidences of indebtedness received for services, rents, interest or royalties constitute income to the amount of their fair market value. Helvering v. Bruun, 309 U.S. 461, 468, 60 S.Ct. 631, 84 L.Ed. 864; Pinellas Ice & Cold Storage Co. v. Commissioner, 287 U.S. 462, 469, 53 S.Ct. 257, 77 L.Ed. 428. Respondent urges that the effect of the statute in question is to put an accrual taxpayer on a cash basis, during the two and one-half months succeeding the end of the taxable year, and in support of this contention, he relies on Massachusetts Mut. Life Ins. Co. v. United States, 288 U.S. 269, 53 S.Ct. 337, 338, 77 L.Ed. 739. In the cited case the taxpayer kept its accounts and reported its income on the cash basis, and sought to deduct from gross income interest which it had credited to its policyholders, but had not paid. The court decided that the phrase of "all interest paid or accrued" was to be construed according to the taxpayer's method of accounting and that accrued interest could only be deducted by a taxpayer reporting its income on the accrual basis.

The court in its opinion, referred to Regulations 69, Article 51, which provided in substance that income credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time, is subject to tax for the year when credited or set apart, but the court refused to follow the regulation for the reason stated that it had not theretofore been applied in any case where income had been credited to another by a taxpayer employing the cash receipts and disbursement method of accounting, and for the further reason that the regulation had not been invoked to require policyholders to report as income the dividends or interest credited to them and that no tax had been demanded of them until the actual receipt of the money. The court concluded by saying, "The constructive payment is, we think, untenable."

The cases of Eckert v. Burnet, 283 U. S. 140, 51 S.Ct. 373, 75 L.Ed. 911, and

Helvering v. Price, 309 U.S. 409, 60 S. Ct. 673, 84 L.Ed. 836, also relied on by the respondent are not in point here. In the former case, the petitioner and his partner who were on a cash basis, were joint indorsers of notes issued by a corporation formed by them, which notes the corporation was unable to pay. Petitioner and his partner, in settlement of the liability, made a joint note for the sum due the bank in lieu of the old note. Petitioner claimed the right to deduct half the sum paid as a debt ascertained to be worthless and charged off within the taxable year.

In the latter case, respondent, who reported his income on a cash basis, was liable to a bank as a guarantor and substituted his new note for the old, claiming the par value of the note as a deduction. The court decided in each case that the taxpayer's method of accounting prevented the deduction.

■■■ The revenue statutes make it imperative that net income shall be computed upon the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed by the taxpayer (26 U.S.C.A. Int.Rev. Code, § 41). It is also settled beyond cavil that a taxpayer may not accrue receipts or expenditures if he keeps his accounts on a cash basis, Massachusetts Mutual Life Ins. Co. v. United States, supra, but if on an accrual basis, the taxpayer is required to accrue both income and deductions. The method of accounting followed by the taxpayer in all the cases relied on by respondent was the premise of the court's decision.

Those cases were not concerned with the applicability of the rule of constructive payment which is of controlling importance in the case at bar. On this point, it is a relevant factor that the controlling stockholder reported in his gross income the deductible items which petitioner had claimed in its income tax return. There was no tax evasion in fact, and the evil which the enactment of Section 24 sought to remedy was not present.

■■■ As we view the applicability of the statute to the facts here, it is unnecessary to place a restrictive interpretation upon the word "paid." Clearly under the rule of constructive payment, the notes with a readily realizable value of par were more than a mere accrual of indebtedness on the books of petitioner.

Both the substance and form of the transactions which concern us show that the amounts credited to the account of the stockholder, for which notes were subsequently given, were treated by him and the petitioner as actual payments, because interest was credited by petitioner to the stockholder and was added to subsequent notes. Jacobus v. United States, C.C., 9 F.Supp. 41, 80 Ct.Cl. 357. The order of the Board is reversed for further proceedings consistent with this opinion.