**PATMON, YOUNG & KIRK, PROFESSIONAL CORPORATION,**
**Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 75–2214.

United States Court of Appeals, Sixth Circuit.

Argued April 6, 1976.

Decided June 15, 1976.

---

Stanley R. Kirk, Patmon, Young & Kirk, Professional Corp., Detroit, Mich., for petitioner-appellant.

Scott P. Crampton, Gilbert E. Andrews, Asst. Attys. Gen., Alfred S. Lombardi, Tax Div., Dept. of Justice, Washington, D. C., Meade Whitaker, Internal Revenue Service, Washington, D. C., for respondent-appellee.

Before CELEBREZZE, MILLER * and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

The single issue for decision is whether a cash basis corporate taxpayer may deduct in the year of its delivery the value of a demand promissory note guaranteed by its stockholders and delivered to the trustees of its profit-sharing trust as a contribution to that trust where the note remains unpaid at the end of the taxable year. We hold that it is not entitled to the claimed deduction and affirm the Tax Court.

The facts were stipulated. Petitioner is a professional corporation organized under the laws of Michigan. The three officers, who are also the only shareholders and directors of the corporation, are practicing attorneys. On the day prior to the end of the corporation's fiscal year, October 30, 1970, the officers executed and delivered to the trustees of its profit-sharing trust (one of whom was Frederick A. Patmon, president and director of the corporation) an interest-bearing promissory note payable on demand. The three officer-directors of the corporation also executed an agreement guaranteeing payment of the note. The note was not paid prior to the end of the corporation's taxable year, and remained unpaid at the time of hearing before this court, though at least one payment of interest had been made. The respondent disallowed the face value of the note claimed as a deduction for the fiscal year ending October 31, 1970 and assessed a deficiency. The Tax Court upheld the Commissioner. 34 T.C.M. 798 (1975).

The deduction of contributions *paid* to pension and profit-sharing trusts is authorized by § 404(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 404(a). The question is whether execution and delivery of the notes described herein constituted payment.

In *Eckert v. Burnet*, 283 U.S. 140, 51 S.Ct. 373, 75 L.Ed. 911 (1931), the Supreme Court held that a cash basis taxpayer was not entitled to a bad debt deduction in the year in which he gave his personal note to a bank in exchange for a corporate note which he had guaranteed. Noting that the taxpayer had made no outlay of cash or property in the transaction, the Court stated, "A deduction may be permissible in the taxable year in which the petitioner pays cash." 283 U.S. at 141–142, 51 S.Ct. at 374. A somewhat similar transaction was involved in *Helvering v. Price*, 309 U.S. 409, 60 S.Ct. 673, 84 L.Ed. 836 (1940), where a cash basis taxpayer claimed a business loss deduction of the value of a personal note given by him in exchange for previous notes guaranteeing the value of assets involved in a bank merger. Relying on its decision in *Eckert, supra*, Chief Justice Hughes wrote for a unanimous Court—

> As the return was on the cash basis, there could be no deduction in the year 1932, unless the substitution of respondent's note in that year constituted a payment in cash or its equivalent. There was no cash payment and under the doctrine of the *Eckert* case the giving of the taxpayer's own note was not the equivalent of cash to entitle the taxpayer to the deduction. 309 U.S. at 413, 60 S.Ct. at 673.

In *Price* the taxpayer argued that the fact that his note was secured took it outside the *Eckert* rule. The Court held, however, that

* The Honorable William E. Miller died on April 12, 1976 and did not participate in this opinion.

this fact was immaterial—" . . . the giving of security for performance did not transform the promise into the payment required to constitute a deductible loss in the taxable year." *Id.* at 414, 60 S.Ct. at 676 (citation omitted).

Though the two Supreme Court decisions here cited did not deal with deductions under § 404(a), the principles which they enunciated apply to all claims for income tax deductions by cash basis taxpayers. There must be a payment of cash or property having a cash value in the year for which the deduction is claimed. The giving of a note which remains unpaid at the end of the taxable year does not meet this requirement. Our decision is consistent with past holdings of this court. In *Embry Realty Co. v. Glenn*, 116 F.2d 682 (6th Cir. 1940), the court held that salary increases voted by a cash basis corporate taxpayer which were not paid during the tax year in which they were claimed as a deduction could not be deducted in that year. In *Consumers Power Co. v. United States*, 427 F.2d 78 (6th Cir.), *cert. denied*, 400 U.S. 925, 91 S.Ct. 186, 27 L.Ed.2d 185 (1970), we held that death benefit certificates issued to retiring employees were deferred compensation subject to 26 U.S.C. § 404(a) and thus " . . . Consumers can only deduct the amount of death benefits paid under its plan in the years in which the payments are actually made." 427 F.2d at 80.

Cases cited by petitioner which involve accrual basis taxpayers are not in point. *See Wasatch Chemical Company v. C.I.R.*, 313 F.2d 843 (10th Cir. 1963); *Time Oil Company v. C.I.R.*, 258 F.2d 237 (9th Cir. 1958); *Sachs v. C.I.R.*, 208 F.2d 313 (3d Cir. 1953). The rationale which permits the deduction of amounts paid as contributions to pension and profit-sharing plans is that such payments are ordinary and necessary business expenses in the form of deferred compensation. Such business expenses cannot be accrued by a cash basis taxpayer and are never deductible until the year of actual payment. *See Massachusetts Mutual Life Insurance Co. v. United States*, 288 U.S. 269, 273–74, 53 S.Ct. 337, 77 L.Ed. 739 (1933). In *Musselman Hub-Brake Co. v. C.I.R.*, 139 F.2d 65 (6th Cir. 1943), this court noted that the setting in which the word "paid" is used determines whether it should be given a broad or narrow meaning. In that case, which involved an accrual basis taxpayer, it was held that promissory notes given by a corporation to an officer qualified for deduction in the year the notes were delivered. The court distinguished *Eckert* and *Price, supra*, noting that the Supreme Court " . . . decided in each case that the taxpayer's method of accounting prevented the deduction." 139 F.2d at 69. The court followed *Musselman* in *Fetzer Refrigerator Co. v. United States*, 437 F.2d 577 (6th Cir. 1971), which also concerned an accrual basis taxpayer. *But see P. G. Lake, Inc. v. C.I.R.*, 148 F.2d 898 (5th Cir.), *cert. denied*, 326 U.S. 732, 66 S.Ct. 41, 90 L.Ed. 436 (1945).

The Seventh Circuit has recently denied a deduction to an accrual basis taxpayer under § 404(a) on facts otherwise similar to those stipulated in the present case. *See Don E. Williams Company v. C.I.R.*, 527 F.2d 649 (7th Cir. 1975), *cert. granted*, —— U.S. ——, 96 S.Ct. 2622, 49 L.Ed.2d 372, 44 U.S.L.W. 3702 (1976). The court analyzed various subsections of § 404(a) and concluded that actual payment of cash or an equivalent in the year the deduction is claimed is required to entitle a taxpayer to a deduction thereunder regardless of the accounting method employed. In this case we do not reach the question of what sort of payment qualifies for deduction by an accrual method taxpayer, but note that *Musselman, supra*, requires that the word "paid" be defined in the context and in light of the purpose of the particular statute in which it is used.

The judgment of the Tax Court is affirmed.