**Charlottesville**

VIRGINIA EMPLOYMENT COMMISSION

v.

THOMAS REGIONAL DIRECTORY, INC.

No. 0033-91-2

Decided February 4, 1992

COUNSEL

John B. Purcell, Jr. (Mary Sue Terry, Attorney General, on brief), for appellant.

Alexander Wellford (Christian, Barton, Epps, Brent & Chappell, on brief), for appellee.

OPINION

MOON, J.—The Virginia Employment Commission (VEC) appeals the judgment of the Circuit Court of the City of Richmond (circuit court) reversing a determination by the VEC that Dana

Drew, a commission sales representative of Thomas Regional Directory, Inc. (Thomas), was an employee under Code § 60.2-212[1] of the Virginia Unemployment Compensation Act (Act). Because the evidence supported the finding that Thomas had control over Drew's performance and that Drew was not engaged in an independently established trade, occupation, profession or business, the trial court was bound to uphold the ruling of the VEC. We, therefore, reverse the judgment of the trial court and reinstate the determination of the VEC.

■ Services performed by an individual are deemed to be "employment" if those services were performed for remuneration. *See* Code § 60.2-212(C). Drew sold advertising for which Thomas paid him a commission. Once this remuneration was shown, the burden shifted to Thomas to show that one of the exceptions of Code § 60.2-212(C) applied. *Virginia Employment Comm'n v. A.I.M. Corp.*, 225 Va. 338, 346, 302 S.E.2d 534, 539 (1983).

■ Code § 60.2-212(C) places the burden on the putative employer, in order to be exempt from the provisions of the act, to establish that it meets both the criteria of subsection (C)(1) and one of the three exceptions of subsection (C)(2). Therefore, if the putative employer fails to demonstrate that it is within the terms of both subsection (C)(1) and one of the three exceptions under subsection (C)(2), it fails to meet its burden of proof and an "employment" relationship exists. *See Virginia Employment Comm'n v. Peninsula Emergency Physicians, Inc.*, 4 Va. App. 621, 359 S.E.2d 552 (1987).

Code § 60.2-212(C) provides:

Services performed by an individual for remuneration shall be deemed to be employment subject to this title unless:

(1) Such individual has been and will continue to be free from control or direction over the performance of such ser-

---

[1] Code § 60.2-212(A) provides that "employment" means, for purposes of application of the Virginia Unemployment Compensation Act, "(1) Any service including service in interstate commerce, performed for remuneration or under any contract of hire, written or oral, expressed or implied; and (2) Any service, of whatever nature, performed by an individual for any employing unit, for remuneration or under any contract of hire, written or oral, and irrespective of citizenship or residence . . . ." Here there is no dispute but that Drew's contract met the definition contained in Code § 60.2-212(A).

vices, both under his contract of service and in fact; and

(2) Such service is either outside the usual course of the business for which such service is performed, or such service is performed outside of all the places of business of the enterprise for which such service is performed; or such individual, in the performance of such service, is engaged in an independently established trade, occupation, profession or business.

This section is to be liberally construed to effect the Act's beneficent purpose and, in borderline cases, "employment" should be found to exist. *Virginia Employment Comm'n v. A.I.M. Corp.*, 225 Va. at 346, 302 S.E.2d at 539. The exemptions are to be strictly construed against the alleged employer. *Id.*

■ The findings of the VEC as to the facts, "if supported by the evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Code § 60.2-500(B)(1). On appeal, we consider the evidence in the light most favorable to the finding by the VEC. *Peninsula Emergency Physicians*, 4 Va. App. at 626, 359 S.E.2d at 554-55. Thus, unless we can say as a matter of law that the evidence established the exceptions, the VEC's decision must be upheld.

The VEC made findings of fact and conclusions of law that the provisions of Code § 60.2-212(C) did not remove Drew from the Act. The VEC determined that Drew was not free from the control or direction of Thomas and that Drew was not engaged in an independently established trade, occupation, profession or business.

The relationship between Thomas and Drew began when Drew responded to Thomas's advertisement seeking persons who wished to "work independently . . . sell your way, as an entrepreneur, . . . in your own business." At Thomas's request, Drew was tested by a testing lab. Matthew Alcuri, a regional manager for Thomas, determined that Drew could work independently.

Thomas retains the services of licensees to solicit and procure advertising. A license agreement and contract executed between Thomas and Drew provided that (1) they were not in an employer-employee relationship; (2) Drew was in business as an independent contractor and was free from direction and control by Thomas as to his time spent, his manner of performance and the

details of his work; (3) Drew could incur no obligations in Thomas's name; and (4) Drew would be paid a commission on his sales for Thomas.

Drew's advertising of services had to be approved by Thomas. Drew also had to adhere to rules concerning territory and payment terms. Drew had no business license, business card or telephone, or business location.

After seventy-five days, Drew indicated that he wished to terminate his contract on August 9, 1988, in order to become a social worker. By letter dated August 12, 1988, Thomas wrote to Drew informing him that Thomas was exercising its option to terminate the contract in thirty days. Drew subsequently filed a claim for unemployment insurance.

## Control

■ The Virginia Unemployment Compensation Act merely requires a common law "master-servant" analysis. As at common law and in the workers' compensation context, the existence of the master-servant relationship under the Act "does not depend upon how the parties designate each other in their contract." *A.I.M. Corp.*, 225 Va. at 347, 302 S.E.2d at 539 (citations omitted). "Rather, the individual's status in relation to the alleged employer is to be determined from all of the facts and circumstances adduced by the evidence, including the provisions of any written agreement." *Id.*

■ The important element is the potential power of control, not the actual exercise of control. *Id.* at 347, 302 S.E.2d at 539-40. "If the party for whom the work is to be done has the power to direct the means and methods by which the other does the work, an employer-employee relationship exists." *Id.* at 347, 302 S.E.2d at 540. The right of control must include the power over the performance both under the contract and in fact. *Id.* To determine if a right of control exists, a court must determine whether instructions have to be obeyed by an individual and whether either party has the right to terminate services at will without incurring liability to the other party. *Id.*

The Vermont Supreme Court, interpreting an unemployment compensation statute very similar to the Act, found that persons engaged in selling advertising pursuant to a written contract were

employees of the publisher. *In re Bargain Busters, Inc.*, 130 Vt. 112, 287 A.2d 554 (1972). In that case, the commission sales agents were required to adhere strictly to the procedures established by the publisher, which set all rates and bases for payment. *Id.* at 113-15, 287 A.2d at 557.

The circuit court found that the "results" or "acceptable performance"(as defined in Pre-Contract Document No. 1) required by Thomas revealed an absence of control over the means and methods of performance. But this document stated that, although results were all that was required, other duties would be asked of Drew. Pre-Contract Document No. 1 stated that "if the basic commitment to sales production is fulfilled," then Drew could ignore Thomas' "requests" for reports and attendance at meetings with impunity. Thus Drew was free to ignore these duties with impunity only if he met his sales quota.

Drew's failure to perform his duties could trigger oversight by Thomas over the means and methods of Drew's performance, the very type of control contemplated by the cases. *See A.I.M. Corp.*, 225 Va. at 348-49, 302 S.E.2d at 540-42. Thomas conditioned Drew's freedom from punishment on his performance.

Because Thomas failed to show that Drew was free to adopt the means and methods by which he did his work, the VEC was justified in finding that an employer-employee relationship existed. *See A.I.M. Corp.*, 225 Va. at 347, 302 S.E.2d at 540.

### Independently Established Business

Thomas failed to show that Drew had an established business, within the meaning of Code § 60.2-212(C)(2), that was independent, fixed, stable and lasting. *See Unemployment Corp. Comm'n v. Collins*, 182 Va. 426, 437, 29 S.E.2d 388, 393 (1944).

Thomas failed to show that Drew was engaged in the advertising business before contracting with Thomas. Although the record shows Drew operated out of his residence and paid his own expenses, it does not show that Drew received income from any party other than Thomas. Thus, Drew appeared to be totally reliant upon Thomas for his business.

Drew had no business license, business card, business phone or business location. Drew was in business seventy-five days and quit to become a social worker. These facts undermine any claim that his business was permanent, lasting or independently established.

In its argument on the issues of control and an independent establishment, Thomas points to the lack of evidence proving that it had control and the lack of evidence showing that Drew was not engaged in an independently established business. This argument fails because the failure to produce evidence on a factor is held against the party having the burden of proof, not against the party that does not have the burden of proof.

Accordingly, the judgment of the circuit court is reversed and the decision of the VEC is reinstated.

*Reversed and dismissed.*

Barrow, J., and Coleman, J., concurred.