# CIRCUIT COURT OF THE CITY OF RICHMOND

Yard Bird, Inc.,
t/a Tzers

v.

Virginia Employment Commission

September 3, 1997

Case No. HI-654

BY JUDGE T. J. MARKOW

This opinion concerns the Petition for Judicial Review of Respondent Virginia Employment Commission's Decision No. L-449, rendered April 25, 1997. The VEC determined that the services of bartenders, waitresses, and exotic dancers performed for Petitioner constitutes "employment" under § 60.2-212 of the Unemployment Compensation Act, thereby requiring Petitioner to report their wages to the Commission.

Petitioner claims that its dancers are independent contractors and are exempt from application of the Act. Petitioner operates a restaurant, bar, and lounge in the City of Chesapeake. This establishment generally employs one waitress, two or three bartenders, and fourteen exotic dancers per day. Petitioner concedes liability with respect to the waitress and bar staff.

The dancers are required to complete a written employment application. This agreement, which identifies the dancers as "private contractors," specifies that all dancers must comply with the ABC Rules and Regulations of Virginia regarding lewd and disorderly conduct. Since 1995, each dancer has also signed an "independent contractor agreement" attesting that she possesses a valid business license, is not subject to Petitioner's control, and operates an independently established trade. The dancers provide their own costumes,

select their own music, and design their own dance routines. Petitioner maintains a master schedule by which each dancer chooses her times and dates of performance. Dancers usually perform three twenty-minute "sets" per work day at Petitioner's club, and are paid $5 per set or $15 at the end of each shift for the sole purpose of compliance with ABC rules. This amount is reported to the IRS as "nonemployee compensation." Most of the dancers' compensation is derived from gratuities. This income is not reported to Petitioner; each dancer is responsible for informing the Internal Revenue Service of her total compensation.

Each exotic dancer is required to secure a business license from the City of Chesapeake. In addition, some dancers have their own business cards listing their performance schedule at Petitioner's establishment, as well as other lounges in the area. None of the dancers is restricted from performing at more than one club. The following restrictions are placed on the dancers while at Petitioner's establishment: (1) dancers must be sober while working; (2) none of the dancers is permitted to leave the building between sets; and (3) performing in a "lewd and disorderly" manner may result in termination by Petitioner in accordance with the ABC requirements.

The Commission has determined that the exotic dancers are employees of Petitioner and has assessed unemployment taxes against it. "[T]he Commission's findings of fact, if supported by the evidence and in the absence of fraud, shall be considered conclusive, and the jurisdiction of the court shall be confined to questions of law." Va. Code § 60.2-500(B)(1). The Commission's findings of fact may not be disturbed unless the evidence is, as a matter of law, insufficient to support those findings. *Virginia Employment Commission v. Peninsula Emergency Physicians, Inc.*, 4 Va. App. 621, 626 (1987). Upon considering a petition for judicial review, the Court must consider the evidence in the light most favorable to the Commission's findings. *Id.* In borderline cases, the Court should resolve any doubts in favor of a finding of "employment." *Virginia Employment Commission v. A.I.M. Corp.*, 225 Va. 338, 346 (1983).

In order to define labor as "employment" within the meaning of the Unemployment Compensation Act, the Commission has the burden of proving that services were performed by individuals for remuneration or under any contract of hire, written or oral, express or implied.

As an initial matter, the Court acknowledges that the Commission's findings of fact are supported by the record. As deference is to be given to any finding of fact which has evidence to support it, the Court will not dispute the facts found by the Commissioners or the Special Examiner. The remainder of the Court's analysis shall be applying the facts to the questions of law.

The Commission has the burden of proving "employment" for purposes of the Unemployment Compensation Act. Petitioner does not dispute that the dancers received compensation for their services. The facts clearly establish that the dancers received remuneration from Petitioner in the amount of $5 per set or $15 at the end of each shift. In addition, since 1995, each dancer has been required to sign a written contract of hire. The existence of both remuneration and an employment agreement satisfies the Respondent's burden of proving that these exotic dancers are in fact "employees" of Petitioner. Va. Code § 60.2-212(A)(1). As such, the burden shifts to Petitioner to demonstrate the application of an exemption under Va. Code Ann. § 60.2-122(C), which provides:

> 1. Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; *and*
>
> 2. Such service is *either* outside the usual course of business for which such service is performed, *or* such service is performed outside of all the places of business of the enterprise for which such service is performed; *or* such individual, in the performance of such service, is engaged in an *independently established* trade, occupation, profession or business.

Va. Code § 60.2-212(C)(1), (2) (emphasis added). In other words, this exemption requires an employer to show that the worker was free from "control" pursuant to § 60.2-212(C)(1) and that the employee meets one of the three requirements of § 60.2-212(C)(2). *See A.I.M. Corp.*, 225 Va. at 346.

As detailed above, the threshold requirement for this exemption is that the employee must be free from "control" over the performance of such services. Among the various tests for whether the employer possesses the right to control the employee are whether instructions have to be obeyed and whether either of the parties possesses the right to terminate services at will without incurring liability to the other. *A.I.M. Corp.*, 225 Va. at 347. The potential power of control, not the actual exercise of control, is the important element. *Id.* The right of control includes both the power to specify the result to be accomplished and power over the performance of such services. *Id.*

Petitioner claims to have no control over the "means and methods" of its dancers' performance. *See Intermodal Services, Inc. v. Smith*, 234 Va. 596, 601 (1988) (*citing A.I.M. Corp.*, 225 Va. at 347). The dancers have discretion over choreography, costumes, music, whether and when they will perform for Petitioner, and outside employment. Although Petitioner's mandate on

sobriety, its discouragement of dancers leaving the club in between sets, and its ban on lewd and disorderly conduct must be obeyed by the dancers in order to maintain employment, each requirement is linked to compliance with the laws and regulations of the Commonwealth. Petitioner's employment application clearly specifies that legal compliance is the sole responsibility of the individual dancers. Petitioner's simple acknowledgment that these regulatory constraints are binding upon the dancers does not equate with Petitioner's control of the means and methods of its dancers' performance. This Court is unwilling to establish a contrary precedent.

The existence of an employer-employee relationship does not turn solely on how the parties designate each other in their contract, rather the Court should evaluate all of the facts and circumstances adduced by the evidence. *A.I.M. Corp.*, 225 Va. at 347. Although Petitioner's conduct restrictions must be obeyed for the lounge to maintain its business status and the dancers to maintain their employment, this is insufficient to amount to "control" for purposes of the Act. The dancers themselves, rather than Petitioner, are responsible for compliance.

The second control test specified in the *A.I.M.* decision is whether the parties possess the right to terminate the contract "at will" without incurring liability for doing so. If so, the relationship would indicate an employer-employee relationship rather than an independent contractor scenario. In contrast to the contract in the *A.I.M.* decision, the Petitioner's contract with its dancers has no cancellation provision specifying when and how termination may occur. The absence of such a provision is inconsistent with the existence of an employer-employee relationship. However, Petitioner need not first demonstrate that it would prevail, in the event that damages were sought against a dancer, in order to rebut the presumption that an employee "at will" situation exists here. In sum, Petitioner has demonstrated that its dancers have been and will continue to be free from control or direction over the performance of their services pursuant to § 60.2-212(C)(1).

As Petitioner has established that its dancers are free from control under § 60.2-212(C)(1), it also bears the burden of proving one of the three exemption elements specified in § 60.2-212(C)(2). The first two criteria are not at issue here. The third test, proving that the employee is engaged in an independently established trade, occupation, profession, or business, is relevant to this Petition for Judicial Review.

To qualify under the "independent business" exemption, a putative employer must establish that the putative employee had a proprietary interest in a business to the extent of being able to operate without hindrance from anyone and that the employee had the ability to sell or give the business away.

*Virginia Employment Commission v. Peninsula Emergency Physicians, Inc.*, 4 Va. App. 621, 628 (1987). An "established business" is one that is permanent, fixed, stable, or lasting. *Unemployment Compensation Commission v. Collins*, 182 Va. 426, 437 (1944).

Petitioner's dancers clearly had a proprietary interest in their business, as they received compensation from both Petitioner and its patrons. This business was operated without restriction on location or content, except the aforementioned legal and regulatory conduct restrictions. The dancers did not have the ability to sell or dispose of the business, as their livelihood was individual performance skills. Petitioner has failed to establish that the dancers' businesses were permanent, fixed, stable, or lasting, other than generally asserting that most dancers performed at multiple clubs over time. Petitioner admits that individual turnover was high, dispelling the notion that the dancers remained at any one club for an extended duration.

The existence of a business license, business card, business phone, or business location was held to be indicative of an independent business in *Virginia Employment Commission v. Thomas Regional Directory, Inc.*, 13 Va. App. 610 (1992). Here, the Commission's findings of fact indicate that all of Petitioner's dancers are currently required to secure a business license. However, the Exhibits to the Hearing Transcript contain only one business license, rather than supporting documents for the fourteen dancers who work at Petitioner's club on a daily basis. Further, while some dancers do have their own business cards to publicize their schedules at various area clubs, only three such cards were appended to the record. Finally, while the dancers did have business locations and phone numbers, the "permanence" of this factor is undermined by the frequent absence of forwarding addresses (which resulted in the return of the several dancers' I.R.S. Form 1099s to Petitioner). As such, it is impossible to determine whether each of Petitioner's dancers maintains her own "independent" business in accordance with the *Thomas* criteria. As Petitioner has failed to establish these criteria, the VEC was permitted to find that the burden of proving the third prong of the § 60.2-212(C)(2) exemption has not been met. The Court must affirm this finding.

Finally, Petitioner's reliance on Virginia common law, the safe haven rule of federal tax law, and federal common law is insufficient to disturb the VEC's Decision. Although the Virginia Unemployment Compensation Act permits a common law master-servant analysis, Petitioner has failed to support the proposition that its dancers are independent contractors. The common law fact and circumstances test, which looks to such factors as potential power of control (e.g., whether instructions have to be obeyed and whether either party has the right to terminate services at will without

incurring liability) was discussed and rejected above. The Court of Appeals of Virginia has stated the fact that an exemption exists under federal law (i.e., the I.R.S. safe haven rule) is not determinative of whether an exemption exists under the Virginia Act (i.e., the § 60.2-212(C) exemption). *Peninsula Emergency Physicians*, 4 Va. App. at 627. Lastly, the ten factor test announced by the Fourth Circuit in *Cilecek v. INOVA Health Systems Services*, 115 F.3d 256 (4th Cir. 1997), and cited by Petitioner as persuasive authority here, is not determinative.

In conclusion, the Respondent has met its burden of proving that an "employment" relationship exists between Petitioner and its exotic dancers. Petitioner has failed to establish that these dancers operate "independent" businesses. This Petition for Judicial Review is denied.