COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Bumgardner and Senior Judge Hodges
Argued by teleconference


CENTRAL DELIVERY SERVICE
 OF WASHINGTON, INC.
                                    MEMORANDUM OPINION* BY
v.   Record No. 2046-00-2          JUDGE WILLIAM H. HODGES
                                       NOVEMBER 6, 2001
VIRGINIA EMPLOYMENT COMMISSION


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Theodore J. Markow, Judge

            E. Duncan Getchell, Jr. (William H.
            Baxter II; McGuireWoods LLP, on briefs), for
            appellant.

            William A. Diamond, Assistant Attorney
            General (Mark L. Earley, Attorney General;
            Richard B. Zorn, Senior Assistant Attorney
            General, on brief), for appellee.


     Central Delivery Service of Washington, Inc. (Central

Delivery) appeals a July 27, 2000 circuit court order affirming a

decision of the Virginia Employment Commission (the VEC).  The VEC

held that services performed by contract carrier courier drivers

for Central Delivery constituted "employment" for which Central

Delivery is liable for unemployment insurance taxes pursuant to

Code § 60.2-212 and that their services were not exempt under Code

§ 60.2-219(22).  Central Delivery argues that the VEC and the

circuit court erred in denying their exemption from state

─────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

unemployment taxation. For the reasons that follow, we agree and reverse.

BACKGROUND

For unemployment compensation purposes, the term "employment" is defined in Code § 60.2-212. Generally, that term means any service performed for remuneration or under any contract of hire. The VEC, in its commission decision, determined that the services performed by Central Delivery's drivers constitute "employment" under Code § 60.2-212, and that issue is not before us on appeal. However, Code § 60.2-619 contains a list of services that are statutorily exempt from the "employment" definition. Code § 60.2-619(22) provides that the term "employment" shall not include: "Service performed . . . as a driver of an executive sedan . . . provided the Commission is furnished evidence that such individual is excluded from taxation by the Federal Unemployment Tax Act" (FUTA). The VEC and the circuit court determined that Central Delivery had not provided the VEC with sufficient evidence to prove that its drivers are excluded from FUTA taxation. Central Delivery appeals from that determination.

In its findings of fact, the VEC found that Central Delivery is engaged in, among other things, delivery and messenger service. Central Delivery engages the services of contract courier drivers to perform the actual deliveries according to customer specifications. It is the status of these drivers that is at issue in this case. The VEC noted that the Internal

-

Revenue Service (IRS) has audited Central Delivery on several occasions. In 1996, representatives of Central Delivery responded to the IRS "20 questions" with respect to whether the contract operators are independent contractors or employees. By a form letter dated in February 1996, the district director of the IRS advised Central Delivery that it had completed the review and had taken action indicated by the check below. The box that read, "We have accepted the report" was checked.

<u>ANALYSIS</u>

The findings of the VEC as to the facts, "if supported by the evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Code § 60.2-500(B)(1). "On appeal, we consider the evidence in the light most favorable to the finding by the VEC." <u>V.E.C v. Thomas Regional Directory, Inc.</u>, 13 Va. App. 610, 613, 414 S.E.2d 412, 415 (1992). Thus, unless we can say as a matter of law that the evidence established the exceptions, the VEC's decision must be upheld. In this case the evidence provided by Central Delivery was sufficient to establish that its drivers are excluded from taxation by FUTA. Code § 60.2-219(22).

In Revenue Ruling 87-41, 1987-1 C.B. 286, the IRS provided a list of factors used to determine whether contractors are "employees . . . for the purposes of . . . the Federal Unemployment Tax Act." The list of factors is the IRS's "20 questions" that Central Delivery answered in its audit and which

-

the IRS accepted.  Code § 60.2-219(22) required Central Delivery to furnish "evidence" of its drivers' exemption from FUTA taxation.  Although the VEC asked Central Delivery to provide an IRS Form SS-8 specific to the individuals in question, the statute allows, as the VEC acknowledged, other evidence which would demonstrate the drivers' exemption.  The IRS letter accepting Central Delivery's "20 questions" answers sufficiently demonstrated that the IRS considered Central Delivery's drivers exempt from FUTA taxation.  <u>See</u> Rev. Rul. 87-41, 1987-1 C.B. 286.  Thus, as a matter of law, the evidence supported a finding that Central Delivery is exempt from state unemployment taxes under Code § 60.2-219(22).

Accordingly, the decision of the circuit court is reversed.

<u>Reversed.</u>